### GILCHRIST CO. v. ERIE SPECIALTY CO.

(District Court, W. D. Pennsylvania.    July 17, 1914.)

No. 206.

PATENTS (§ 327*)—PRIORITY OF INVENTION—RES JUDICATA.

Where the question of priority of invention between two patentees was actually litigated and decided in a suit to which the owners of both patents in effect became parties, by stipulation admitting their participation in the expense, the decision is conclusive, and a bar to a subsequent suit in another jurisdiction, between the owners of such patents, and involving the same question.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 620–625; Dec. Dig. § 327.*]

In Equity. Suit by the Gilchrist Company against the Erie Specialty Company. On motion by defendant to limit the issue and testimony. Motion granted.

J. C. & H. M. Sturgeon, of Erie, Pa., for the motion.
Fred Gerlach, of Chicago, Ill., opposed.

ORR, District Judge. This matter comes before the court upon a motion ex parte defendant to limit the testimony in the case, for the reason that the plaintiff is estopped from raising the question of prior-

ity of invention between the Olmstead patent, No. 819,373, and the Neilson patent, No. 833,620, in this case, for the reasons set forth in clause 14 of the defendant's amended answer, and for the further reason that under the rule of comity of decision the existing decision of Judge Ray is binding upon both parties.

The suit in which the above motion is made is the ordinary patent suit in equity. The plaintiff avers title in it to letters patent of the United States, No. 833,620, issued on October 16, 1905, to Rasmus Neilson, for an ice cream spoon. It avers priority of invention in the said Neilson, and charges the defendant with the infringement of certain claims of said patent. The fourteenth clause of the answer, to which reference is made in the motion now before the court, avers substantially that said Neilson surreptitiously obtained his patent on an invention, which he knew had been invented by one Albert P. Olmstead, which appears in certain proceedings in equity in the Circuit Court of the United States for the Northern District of New York, instituted by Edwin Walker, John W. Dorman, Edward J. Dorman, and Mary L. Rexford against Henry G. Giles, and Kathryn Nielson (No. 7263, in Equity, 207 Fed. 825), in which a certain patent to said Olmstead, being United States patent No. 819,373, was involved; that a question in dispute in the New York case was priority of invention as between the said Neilson and the said Olmstead with respect to the respective patents above named; that a final decree was entered in the said proceedings in the said New York case, adjudging that Olmstead was the original and first inventor of the ice cream dipper mentioned in his said patent; and that the ice cream dippers which were made by the defendants in said New York case under the said Neilson patent were an infringement of claim 1 of the Olmstead patent.

The motion in this case was argued at length before the late Judge Young and because of his death has been reargued. While the question raised by the motion could have been properly raised at the time of the trial of the suit, yet it was deemed best by the parties interested that the question raised by the motion should be disposed of in limine, and to that end the defendant, in support of its motion and without objection on the part of the plaintiff, furnished to the court an exemplification of the record, including the bill, answer, the opinion of Judge Ray, and the final decree entered by him, and as well also a copy of the testimony, in the said New York case. From the bill and answer it was found that the question of priority of invention was raised in that case. From the testimony it is found that evidence at length upon that question was given by the parties to said suit. From the opinion of the court it is also found that the question was at issue and that evidence was given, and from the decree of the court it is found that the question was determined in favor of the plaintiffs in that litigation and against the defendants, and that the court found as a fact that, as between Olmstead and Neilson, Olmstead was the original and first inventor of the ice cream dipper described in his said patent, and that the ice cream dippers made by the defendants under and in accordance with the Neilson patent were an infringement of claim 1 of the said Olmstead patent. It further appears from the certified copy of the record that a stipulation was entered into by the parties to

the present litigation, and was filed in the records of the former case, which stipulation in brief contained the provisions that the Gilchrist Company is the owner of the Neilson patent and that the·defendants in the New York case were licensees thereunder, and that the Gilchrist Company was participating in the defense of the New York case and sharing the expense of such defense, and further that the Erie Specialty Company and Edwin Walker were participating in and sharing the expenses of conducting the New York case. By that stipulation as thus certified it must be held that both of the parties thereto submitted themselves to the jurisdiction of the federal court in the Northern district of New York and became bound by the decree in said court, with the same effect as the parties named in the record would be bound. That stipulation was filed in the New York case before the testimony was completed. The relation of the Erie Specialty Company to the litigation became known to the defendants therein at the beginning of the cross-examination of the first witness for the defendant, who was Edwin Walker, president of the Erie Specialty Company.

No question is raised on the part of the Gilchrist Company that the stipulation should have any other than its legal effect. Notwithstanding the same, the Gilchrist Company has filed its present bill, in which the question of priority of invention between the said Neilson and the said Olmstead, which has already been determined between them, is again made the subject of litigation. In Walker on Patents, § 468, it is stated:

"It is a requirement of public policy and private peace that each particular litigation shall duly come to an end, and that, when once ended, it shall not be revived. The law therefore properly requires that things adjudicated shall not again be drawn in question between the same parties, or between any person whose connection with the adjudication is such that it ought to bind them all."

It has already appeared that the relations of the parties in the present case to each other in the New York case were equally well known, and it already appears that the question of priority of invention was actually litigated and decided in the prior case. We are therefore of the opinion that the decree of the court upon that litigated question is conclusive upon the plaintiff in the present action. The question, in so far as it relates to litigation generally, was considered in Southern Pacific R. R. Co. v. United States, 168 U. S. 1, 18 Sup. Ct. 18, 42 L. Ed. 355, and the conclusion is well stated in the following from the syllabus:

"A right, question, or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified."

With respect to patent litigation the case of Penfield v. Potts, 126 Fed. 475, 480, 61 C. C. A. 371, 376, is illuminating. Mr. Justice Lurton, while Circuit Judge, delivering the opinion of the Court of Appeals for the Sixth Circuit, states:

"The doctrine is well settled that one who for his own interest joins in the defense of a suit to which he is not a party of record is as much concluded by the judgment as if he had been a party thereto, provided his conduct in that respect was open and avowed or otherwise well known to the opposite party."

It is not necessary to cite other cases in support of this doctrine. The plaintiff, therefore, is estopped from raising in this case the question of priority of invention between the Olmstead patent, No. 819,373, and the Neilson patent, No. 833,620, and testimony as to that issue should not be taken.

It is unnecessary to consider what bearing any rule of comity may have upon the issues in this case. Let an order be drawn, if one be deemed necessary.