## WALKER v. GILES et al.

### (Circuit Court of Appeals, Second Circuit. November 10, 1914.)

### No. 56.

1. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—ICE CREAM DISHER.

The Olmstead patent, No. 819,373, for an ice cream disher, discloses invention and is valid; also construed, and *held* infringed.

2. APPEAL AND ERROR (§ 671*)—REVIEW—DISCRETIONARY ORDERS.

A discretionary order cannot be reviewed, unless the record contains the evidence on which it was based.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2867–2872; Dec. Dig. § 671.*]

Appeal from the District Court of the United States for the Northern District of New York.

This cause comes here upon appeal from a decree of the District Court, Northern District of New York, holding that defendant had infringed United States patent No. 819,373, issued May 1, 1906, to Albert P. Olmstead, for an ice cream disher. Judge Ray's opinion very fully discusses the questions raised in the cause. It is reported in 207 Fed. 825.

F. Gerlach, of Chicago, Ill., for appellants.

F. C. Curtis, of Troy, N. Y., and J. H. Griffin, of New York City, for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. [1] The main point raised in the case is as to the construction to be given to the first claim, which is the only one involved. It reads as follows:

"A dipper for plastic material comprising in combination a handle and bowl provided with a hub-bearing at the inner end of, and open to, the bowl; a toothed scraper-hub rotatively mounted in said hub-bearing and insertible and removable through the bowl, said hub having a peripheral flange overhanging on the inner side the teeth thereon; a scraper fixed upon said hub; and a hand lever mounted upon the handle and having a gear-rack engageable with the teeth on the hub on the outer side of said overhanging flange."

The contention is that this should be so narrowly construed as to do away with all equivalents and confine it to the precise combination of parts set forth in the claim.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The defendants, as we think, attach too much importance to an amendment of this claim made while the application was pending in the Patent Office.

The specification, which was at no time amended, after describing the hub with its gear-teeth and the intermeshing gear-teeth on the rack at the end of the lever, states that:

"The hub is formed with a peripheral flange, overhanging the gear-teeth thereon (that is, on the hub) and adapted in the normal position of the lever to overhang the teeth on the gear-rack (of the lever) whereby said gear-rack serves as a means for locking the hub within its bearing as well as a means for rotating said hub and scraper."

The original application contained four claims, of which No. 2 (now No. 1 of the issued patent) read as follows:

"A dipper for plastic material comprising in combination a handle and bowl provided with a hub-bearing at the inner end of the bowl; a toothed scraper-hub rotatively mounted in said hub-bearing, said hub having a peripheral flange overhanging the teeth thereon; a scraper fixed upon said hub; and a hand lever mounted upon the handle and having a gear-rack engageable with the teeth on the hub beneath said overhanging flange."

The Patent Office rejected claim 1 (with which we need not concern ourselves) on prior art. As to claim 2, supra, its only criticism was "the utility of the flange is not made apparent as the matter is stated," and rejected that also. It was manifest from the specifications just what was the utility of the flange, viz., by co-operating with the teeth on the gear-rack to lock the hub within its bearing. The incorporation of that simple statement of function would presumably have met the criticism; but the applicant recast his claim, so as to read as it now stands in the patent.

This was merely a statement of what his original specification showed—a flange on the hub supported by the teeth of the gear-rack so as to lock the hub in place. No prior art was cited against his device, and he avoided no prior art by the change he made. There was no estoppel created. The situation is the same as if his original application had consisted of the unchanged specification and the claim in its present phraseology.

There is nothing in the record to show that applicant amended this claim in order to avoid an interference with the later application of Nielsen, or even that he knew Nielsen had an application pending or what it contained.

The only change of organization which defendant has made is the placing of the flange, which acts to hold the hub in place, on the gear-rack, instead of on the hub. In the one case the flange rests on the teeth of the gear-rack; in the other, the teeth of the hub rest on the flange. This is a mere reversal of parts, and under well-settled principles will not avoid infrigement.

[2] It may be that the order denying the motion to amend the answer by alleging champerty is brought here by appeal from the final decree which was subsequently entered; but we certainly cannot investigate the propriety of Judge Ray's decision in that regard, which was largely discretionary, without having in the record the testimony and documents on which he based his decision—and they are not here.

Moreover, as to the merits of such defense, it is sufficient to refer to Matter of Clark, 184 N. Y. 227, 77 N. E. 1.

In all other points in the case we concur with the District Judge.

Decree affirmed, with costs.