GILCHRIST CO. v. ERIE SPECIALTY CO.

(Circuit Court of Appeals, Third Circuit. January 28, 1916. Rehearing Denied April 14, 1916.)

No. 1979.

JUDGMENT ⨺675(1)—PERSONS CONCLUDED—PERSONS PARTICIPATING IN PROSECUTION OR DEFENSE.

Where both parties to an infringement suit, involving the question of priority of invention between two patentees, although not parties of record, openly participated in a prior suit involving the same issue and contributed to the expense thereof, the decree in such suit is conclusive on both, and the question as between them is res judicata.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1190, 1194; Dec. Dig. ⨺675(1).]

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

⨺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Suit in equity by the Gilchrist Company against the Erie Specialty Company. Decree for defendant, and complainant appeals. Affirmed. See, also, 215 Fed. 741.

The following is the opinion of Orr, District Judge:

, This case is before the court for disposition after trial. The plaintiff is the owner of the United States patent No. 833,620, issued October 16, 1906, to R. Nielsen for an ice cream spoon. Plaintiff charges the defendant with infringement at the city of Erie, in this district, and at other places. The defendant does not deny infringement, if the patent be found valid. It denies, however, the validity of the patent, and offers United States patent to Bolland, No. 714,440, dated November 25, 1902, for an ice cream disher, and United States patent to Albert P. Olmstead, No. 819,373, dated May 1, 1906, for an ice cream dipper, as disclosures in the prior art of everything contained in the patent in suit.

All of said patents embrace devices for the removal of ice cream from ice-cream freezers in such quantity at each removal as would make a small portion for an individual consumer. To prevent the ice cream from sticking in the spoon, or disher, or bowl, fingers are caused to revolve within the bowl closely to the interior surface thereof. The several dishers of the respective patents differ in the construction of the parts by which the fingers in the bowl are made to move.

Quite early in the history of this case, the defendant made a motion to limit the testimony to be taken by excluding therefrom evidence relating to priority of invention as between Olmstead and Nielsen, for the reason that such dispute had been adjudicated in previous litigation wherein the parties to the present suit were parties or privies. The court thereupon made an order imposing a limitation upon the evidence to be produced in the present case. 215 Fed. 741. The case in which the question of priority between Nielsen and Olmstead had been adjudicated is the case of Walker et al. v. Giles et al., 207 Fed. 825, in which Judge Ray determined that the Olmstead patent, No. 819,373, was entitled to priority over the Nielsen patent, No. 833,620. The decision of Judge Ray has since been affirmed by the Court of Appeals of the Second Circuit. 218 Fed. 637. With the decision in that case this court is heartily in accord. It is not necessary to even specify the variations between claim 1 of the Olmstead patent, which was the subject of that adjudication, and claims 4, 5, 7, and 8 of the patent in suit, which are the claims relied upon by the plaintiff. The variations are unimportant, and do not cause any difference in the operations of the subject-matter of the patents. Indeed, the construction of the Nielson patent might very readily have been adopted by any mechanic anywhere who had the Olmstead dipper before him. Indeed, the Bolland patent, to which reference has been made above, is suggestive of everything disclosed in the Olmstead and Nielsen patents, except the removability of the fingers located within the bowl and the gear wheel to which they are attached.

The court is satisfied that the Nielsen patent, No. 833,620, is invalid, in view of the Olmstead patent, No. 819,373. The bill should be dismissed at the costs of the plaintiff. Let a decree be drawn.

Fred Gerlach, of Chicago, Ill., for appellant.

J. C. Sturgeon and H. M. Sturgeon, both of Erie, Pa., for appellee.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the Gilchrist Company, owner of patent No. 833,620, granted October 16, 1906, to Nielsen, filed a bill against the Erie Specialty Company charging its infringement. On final hearing that court held the patent invalid and dismissed the bill. Thereupon this appeal was taken.

The patent concerns a small cone-shaped dipper or spoon used for ladling a fixed quantity of ice cream from a freezer, and means for scraping the cream from such dipper. The question here involved is whether Nielsen or one Olmstead first invented the device. This dipper is the subject of four different opinions—Judge Ray's, Walker v. Giles (D. C.) 207 Fed. 825, holding Olmstead was prior to Nielsen in conceiving it; Judge Lacombe's, Walker v. Giles, 218 Fed. 637, 134 C. C. A. 395, affirming such decree; Judge Orr's, in the present case (D. C.) 215 Fed. 741, limiting proofs therein on the ground that the parties to this suit were parties or privies in the case before Judge Ray in the Northern district of New York, and that as to them the question of Olmstead's priority over Nielsen was res adjudicata; and, finally, the opinion of Judge Orr on final hearing, set forth above, wherein he held the present bill should be dismissed. The various phases of this controversy are so fully set forth in the foregoing opinions, we refrain from restating them.

The briefs and proofs in this case and the opinions in the Second circuit have had our careful attention. In the case in the Northern district of New York, 207 Fed. 825, Walker and others, the owners of patent No. 819,373, granted to Olmstead, for an ice cream dipper, charged Catharine Nielsen and Henry S. Giles with infringing the first claim thereof. The bill alleged:

"That said Albert P. Olmstead was the *original and first inventor* or discoverer of any material and *substantial* part of the ice cream spoon disclosed by letters patent No. 819,373."

The defendants, Nielsen and Giles, being the grantees to whom the Nielsen patent (in suit in the present case) was issued, justified their alleged infringement under said patent and by stipulation in the trials thereof it was agreed:

"That the Gilchrist Company, a corporation of Newark, N. J., is the owner of United States letters patent No. 833,620, granted to Rasmus Nielsen, for ice cream spoon, dated October 16, 1906, and that the defendants herein are licensed to manufacture and sell under said patent, and that said the Gilchrist Company is participating in the defense in this action and sharing in the expense of such defense."

It will thus be seen that both Nielsen's and Olmstead's patents had issued, were owned by the parties to the case, and the relative priority of the two inventors was put in issue in the cause. The specifications of the two patents show that for all functional purposes the two devices are substantially the same. Such differences as exist are in mere minor, mechanical details. Taking as the generic device the patent of Nielsen—which in date was earlier than Olmstead's—we see that Olmstead followed its main features, save that, where Nielsen placed *on his handle and beneath* the teeth which intermeshed with the teeth of the revolving stem the flange which kept the stem from dropping out of the cup, Olmstead placed *on his stem and over* the teeth which intermeshed with the teeth of his handle the flange which kept the stem from dropping out of the cup. The difference was a mere shifting of parts, with a retention of functional identity. The other difference was a change in location of the stop screw. Nielsen's device had

a threaded stop which, when screwed to its thread limit, kept the handle and stem in operative relation. When Nielsen desired to clean his device, the stop was unscrewed. This let the handle swing back and the teeth at its end pass out of engagement with the stem teeth. This permitted the device to come apart. Olmstead's device also used a threaded stop, which, when screwed to its thread limit, also kept his handle and stem in engagement. It had, however, the further function of serving as a handle pivot. When Olmstead desired to clean his device, this screw was loosened until its reduced, unthreaded end, by means of a slot in the handle, permitted the latter to slide back, so that the teeth at the end of the handle passed out of engagement with the stem teeth and thus permitted the several parts of the assembled device to come apart.

While these minor mechanical differences existed, it will be apparent that the two devices were substantially the same, and if priority of invention was adjudged to one inventor's device, such priority put an end to all claim on the part of the other. If Nielsen's was the original device, then Olmstead's was but a mere transposition and mechanical rearrangement of parts, made possible by the shape of Olmstead's handle, which, as we have said, itself served as a stop. In Judge Ray's case, the suit was brought on the Olmstead patent, and defended on the alleged priority of the Nielsen patent. In the present case, the suit is on the Nielsen patent, and is defended on the alleged adjudged priority of the Olmstead patent. The subject-matter and the issue in the two cases are the same.

The issue of priority in the New York case having been adjudged in favor of Olmstead, it remains to consider whether that decision is binding on the parties to the present suit. The present plaintiff is the Gilchrist Company, a corporation of the State of New Jersey. The present bill avers that company became the owner of the Nielsen patent, and of all rights of action thereunder, on February 21, 1910. The record in the New York case shows that case was begun in May, 1910, and that on April 20, 1911, the Gilchrist Company, having meanwhile become the owner of the patent and "of all rights of action thereunder accrued," entered into a stipulation whereby it agreed that it—

"may be regarded as proved in this case: That the Gilchrist Company, a corporation of Newark, N. J., is the owner of United States letters patent No. 833,620, granted to Rasmus Nielsen, for ice cream spoon, dated October 16, 1906, and that the defendants herein are licensed to manufacture and sell under said patent, and that said the Gilchrist Company is participating in the defense of this action and sharing in the expense of such defense."

It is clear, therefore, that with its purchase of the patent and of the rights of action thereunder the Gilchrist Company was the real defendant when the decree was entered. The defendant in the present suit is the Erie Specialty Company, and that company duly joined in the foregoing stipulation in the New York case, agreeing:

"That the Erie Specialty Company, a corporation organized and existing under and by virtue of the laws of the state of Pennsylvania, of Erie, Pa., and Edwin Walker, of Erie, Pa., are participating in and paying the expenses of conducting this suit."

The subject-matter of the Pennsylvania suit having been contested in the New York suit, both parties to the present suit having contributed to carrying on the prior suit and having openly participated therein, the final decree in that case became, as between the said parties, res adjudicata. It is to the interest of the republic that litigation should end, and the court below was right in holding that the parties to the New York suit could not relitigate the question of patent priority in the Pennsylvania case. "The doctrine is well settled," said Judge Lurton in Penfield v. Potts, 126 Fed. 475, 61 C. C. A. 371, "that one who for his own interest joins in the defense of a suit to which he is not a party of record is as much concluded by the judgment as if he had been a party thereto, provided his conduct in that respect was open and avowed, or otherwise well known to the opposite party."

The judgment below is affirmed.